Case 3:22-cv-00113-DPM   Document 1   Filed 05/05/22   Page 1 of 11

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 5 2022

TAMMY H. DOWNS, CLERK
By: KHays
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ALLAN CARSON, Individually and on Behalf of All Others Similarly Situated**      **PLAINTIFF**

vs.      Case No. 3:22-cv-113-KGB

**PECO FOODS, INC.**      **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Allan Carson ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Defendant Peco Foods, Inc. ("Defendant"), by and through his attorneys Sean Short and Josh Sanford, for his Original Complaint—Collective Action ("Complaint"), states and alleges as follows:

### I.  PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who performed work for Defendant during the three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and all other similarly situated employees lawful overtime compensation for hours worked in excess of forty per week.

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

3.      Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

4.      As set out in the Notice of Related Case filed concurrently with this Complaint, this lawsuit is related to *Hallman, et al v. Peco Foods, Inc.*, 3:19-cv-368-DPM.

## II.     JURISDICTION AND VENUE

5.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6.      This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged. Therefore, this Court has supplemental jurisdiction over the AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts alleged in this Complaint had their principal effect within the Northern Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## III.     THE PARTIES

8.      Plaintiff is an individual and resident of Randolph County.

9.      Defendant is a foreign for-profit corporation, registered to do business in Arkansas.

10.     Defendant's registered agent for service of process in Arkansas is Jason Thomas, at 425 West Capitol Avenue, Suite 3300, Little Rock, Arkansas 72201.

11.   Defendant, in the course of its business, maintains a website at https://pecofoods.com/.

## IV.   FACTUAL ALLEGATIONS

12.   Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13.   Defendant owns and operates chicken processing plants throughout Arkansas, Mississippi and Alabama.

14.   Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

15.   During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

16.   During each of the two years preceding the filing of this Complaint, Defendant employed at least four employees.

17.   Defendant employed Plaintiff within the three years preceding the filing of this Complaint.

18.   Specifically, Defendant employed Plaintiff from September of 2016 until April of 2021 as an hourly-paid Poultry Worker at Defendant's location in Pocahontas.

19. Defendant also employed other hourly-paid employees ("Hourly Employees") necessary to its business within the three years preceding the filing of this Complaint.

20. At all relevevant times, Defendant is, and has been, an "employer" of Plaintiffs and other Hourly Employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

21. At all times material herein, Plaintiffs and other Hourly Employees have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

22. During the period relevant to this lawsuit, Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and the AMWA.

23. Defendant also classified other Hourly Employees as nonexempt from the overtime requirements of the FLSA.

24. Plaintiff was occasionally required to attend a safety meeting which usually lasted between five and twenty minutes, either before or after his shift.

25. Plaintiff was not paid for the time spent at the safety meeting.

26. Other Hourly Employees were also required to attend safety meetings before or after their shifts and were not paid for this time.

27. Before his shift, Plaintiff was required to wait in line to receive personal protective equipment (PPE), and then don the PPE, which included equipment such as earplugs, aprons, glasses, and multiple pairs of gloves.

28. Other Hourly Employees were also required to wait in line to receive personal protective equipment (PPE), and then don the PPE, which included equipment such as earplugs, aprons, glasses, and multiple pairs of gloves, before their shift.

29. During their shift, Plaintiff and Hourly Employees were required to take two unpaid thirty-minute breaks, during which they had to doff their PPE and then don it before returning to work.

30. Each time Plaintiff and other Hourly Employees donned their PPE, it took approximately five to twenty minutes.

31. Including pre-shift donning and mid-break donning, Plaintiff and other Hourly Employees spent considerably more than one hour each week donning PPE.

32. Plaintiff and other Hourly Employees were not paid for time spent donning and doffing their PPE.

33. Plaintiff's hours varied from week to week, but Plaintiff regularly worked more than 40 hours per week.

34. Upon information and belief, other Hourly Employees also regularly or occasionally worked over 40 hours in a week.

35. Because of the unrecorded hours, Plaintiff and other Hourly Employees were deprived of compensation for all hours worked, including overtime compensation for all hours worked over forty per week.

36. Defendant knew or should have known that Plaintiff and other Hourly Employees worked hours which went unrecorded and uncompensated.

37. Defendant knew or should reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

38.     Plaintiff bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39.     Plaintiffs proposes the following collective:

**All hourly workers in the last three years who regularly attended safety meetings and/or donned and doffed personal protective equipment.**

40.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

41.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42.     The members of the collective are similarly situated as follows:

A.     They were classified by Defendant as nonexempt from the requirements of the FLSA;

B.     They were paid by the hour; and

C.     They were subject to Defendant's common policy requiring hourly workers to attend safety meetings and don protective gear without pay.

43.     Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds one hundred (100) persons.

44.     Defendant can readily identify the members of the Section 16(b) collective, which encompasses all hourly-paid employees at its retail establishments.

45.     The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be

provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

46. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

51. At all times relevant to this Complaint, Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff for all hours worked, including an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

53. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint.

### VII.    SECOND CAUSE OF ACTION
### (Individual Claims for Violation of the AMWA)

55. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

57. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58. Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59. At all times relevant to this Complaint, Defendant classified Plaintiff as nonexempt from the requirements of the AMWA.

60. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

61. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 2 years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

### VIII.   THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

63. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

64. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

66. Defendant classified Plaintiff and all similarly situated employees as nonexempt from the overtime requirements of the FLSA.

67. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated for all hours worked, including an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

68. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Allan Carson, individually and on behalf of all others similarly situated, prays as follows:

A.   That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and their related regulations;

D.   Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, the AMWA and their related regulations;

E.   Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

F.   For a reasonable attorneys' fee, costs, and pre-judgment interest; and

G.   Such other and further relief as this Court may deem just and proper.

Page 10 of 11
Allan Carson, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:22-cv-_____
Original Complaint—Collective Action

Respectfully submitted,

**ALLAN CARSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Sean Short
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com