IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ALLAN CARSON, Individually and on
Behalf of All Others Similarly Situated                    PLAINTIFF

v.                          No. 3:22-cv-113-DPM

PECO FOODS, INC.                                           DEFENDANT

ORDER

This case is a tag-along to *Hallman v. Peco Foods, Inc.*, Case No. 3:19-cv-368-DPM. Allan Carson was an hourly worker at Peco's poultry processing plant in Pocahontas, Arkansas. He says that Peco didn't pay him for the time spent donning and doffing personal protective equipment and as a result, owes him unpaid overtime wages. He seeks to conditionally certify a FLSA collective for all of Peco's hourly paid line-workers since mid-2019 who have not already joined the *Hallman* collective. Peco opposes the collective for the same reasons it opposed the *Hallman* collective: only some of its workers use any protective equipment at all and for those who do, Peco properly compensates them for donning and doffing time. Andrew Lingle—a worker in the evisceration department—has already opted into this case.

All material things considered, the workers have carried their burden for conditional certification. Carson and Lingle have met the

lenient applicable standard for showing that this group's members are similarly situated to one another. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *3 (E.D. Ark. 15 Dec. 2009). Through pleadings and affidavits, they have shown that the same kind of wage violation allegedly harmed all members of the group. *Garrison v. ConAgra Foods Packaged Food, LLC*, 2013 WL 1247649, at *2 (E.D. Ark. 27 Mar. 2013). Within the group, the employees were subject to uniform pay policies. Although Carson and Lingle call themselves "line-workers," Carson explains that he worked in the meat prep department and the box room, while Lingle says he worked in the evisceration department. Both allege they wore the same protective equipment; Peco, however, maintains that workers in the box room do not wear all of the protective equipment that Carson described in his affidavit. *Doc. 18-6 at 1-2; Doc. 18-7 at 1-2; Doc. 22-1 at 2*. That dispute does not bar conditional certification. The parties can, with some discovery, sort out whether there is a difference in the PPE and whether any factual variation makes a legal difference.

The record doesn't show that workers beyond the meat prep department, the evisceration department, and the box room at the Pocahontas plant were similarly situated. Peco says some of its employees do not wear any protective equipment at all, and those who wear it do so with significant variations. Carson argues that Peco applied the same policy to all its hourly paid employees, but his

allegations and declarations don't bear that out. The Court has considered whether to notice the record in *Hallman* and also include workers in the debone department. They followed the full PPE drill. But, given the repeat notice and many opportunities provided for workers to join that case, the Court declines to add debone department folks in this one. *Compare Doc. 76 at 3-4 in Holmes v. Stetson Courier, Inc.*, Case No. 4:20-cv-191-DPM. Peco's other arguments go to the merits. The Court therefore conditionally certifies a significantly limited group. Here it is:

> All hourly paid production workers in the meat prep department, the evisceration department, and the box room at Peco Foods' Pocahontas, Arkansas plant since 5 May 2019, excluding any individual with an active consent to join filed in *Hallman v. Peco Foods, Inc.*, Case No. 3:19-cv-368-DPM.

Please change the proposed notice and consent forms to reflect the modified group definition. Peco must post notice in its Pocahontas plant near the meat prep and evisceration departments and the box room. Notice to group members by U.S. mail or email (at group counsel's election) is fine. One follow-up by postcard or email is fine, too. Peco doesn't need to provide phone numbers, but it must provide the other requested contact information by 9 December 2022. The opt-in period will close on 10 March 2023. The Court otherwise overrules Peco's objections about the notice and the forms. Motion, *Doc. 18*, granted as significantly modified.

So Ordered.

*NPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

22 November 2022