IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ALLAN CARSON, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            Case No. 3:22-cv-113-DPM

**PECO FOODS, INC.**            **DEFENDANT**

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

Plaintiff Allan Carson, individually and on behalf of all others similarly situated, and Defendant Peco Foods, Inc., by and through their respective undersigned counsel, submit this Joint Motion for Approval of Settlement and Dismissal with Prejudice and state as follows:

1. On 5 May 2022, Plaintiff Allan Carson ("Named Plaintiff") filed suit against Defendant alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). *See* ECF No. 1.

2. As set out in the Notice of Related Case filed concurrently with this Complaint, this lawsuit is related to *Hallman, et al v. Peco Foods, Inc.*, 3:19-cv-368-DPM. *See* ECF No. 2.

3. On 16 September 2022, Named Plaintiff filed a Motion for Conditional Certification seeking certification of a collective of "All line-workers at Defendant's Pocahontas facility who recorded at least 39 hours of work in any week since 5 May 2019, excluding any individual with an active consent to join filed in the case *Hallman v. Peco*

Page 1 of 6
Allan Carson, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:22-cv-113-DPM
Joint Motion for Approval of Settlement and Dismissal with Prejudice

*Foods, Inc.,* Case No. 3:19-cv-368-DPM (E.D. Ark.)" and requesting the issuance of Notice and Consent forms to members of the putative collective. *See* ECF No. 18.

4. This Court granted Named Plaintiff's Motion on 22 November 2022, conditionally certifying a modified version of the above mentioned collective. *See* ECF No. 25. The Court also allowed the issuance of Notice by U.S. mail and email. *Id.*

5. An opt-in period ensued, and 30 individuals returned a Consent to Join form, joining as party-plaintiffs to this lawsuit. Named Plaintiff and the individuals who have filed Consents to Join are referred to hereafter as "Plaintiffs." Ultimately, there are now 31 Plaintiffs in the lawsuit.

6. Following the end of the Notice Period, the Parties entered into arm's-length settlement negotiations. These negotiations culminated in an agreement to settle all claims brought in the action. The Parties seek this Court's approval of their agreement as memorialized in the Settlement Agreement and Release attached as Exhibit 1 ("Agreement")[1].

7. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e will assume without deciding that the district court has a duty to exercise some level of review of the Agreement."). The district court must determine that "the parties are not negotiating around the FLSA's requirements and

---

[1] The copy attached was recently signed by Named Plaintiff; Defendant is in the process of executing the Agreement. The Parties will supplement this Motion with a fully executed copy of the Agreement once it is signed by Defendant.

Page 2 of 6
Allan Carson, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:22-cv-113-DPM
Joint Motion for Approval of Settlement and Dismissal with Prejudice

that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Bryson v. Patel*, No. 4:20-CV-00065-ERE, 2021 WL 2446352, at *1 (E.D. Ark. June 15, 2021) (internal quotations and citation omitted); *see also Lynn's Food*, 679 F.2d at 1353-54 (the adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement).

8.     Ultimately, if the proposed FLSA settlement is a reasonable compromise of contested issues, the district court should approve the settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Bryan v. Mississippi Cty., Arkansas*, No. 3:18-CV-130-DPM, 2020 WL 9048650, at *1 (E.D. Ark. May 12, 2020) (approving proposed liability settlement that was "[a]ll material things considered, … fair, reasonable, and adequate"); *Sims v. Goodwill Industries of Arkansas, Inc.*, No. 4:19-cv-00289-KGB, 2019 WL 5957177, at *2 (E.D. Ark. Nov. 12, 2019) (approving proposed settlement that both provided a reasonable recovery to the plaintiff and furthered the implementation of the FLSA in the workplace).

9.     The Agreement was reached after extensive, arm's-length negotiations between experienced counsel, and it settles specific bona fide wage and hour disputes. Specifically, Plaintiffs allege that they were owed a significant amount of wages for the time in which they donned protective equipment before each shift. Defendant avers that its policy of paying workers an additional 3 minutes before and after each shift adequately compensated Plaintiffs for any compensable donning time and that, even if some minutes of the Plaintiffs' time went uncompensated, these amounts were *de minimis* and unrecoverable.

10.    Plaintiffs allege that as many as 15 minutes per day of donning time went uncompensated. However, Plaintiffs concede that, ultimately, Defendant likely would

Page 3 of 6
Allan Carson, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:22-cv-113-DPM
Joint Motion for Approval of Settlement and Dismissal with Prejudice

have been credited with 6 minutes of wages per day toward each Plaintiff's alleged donning time. Accordingly, Plaintiffs stood to receive an amount which compensated them for, at most, 9 minutes of donning time per day.

11.     The Agreement represents a compromise over fiercely contested issues, as Defendant believed Plaintiffs were paid all proper wages due under the FLSA. Under the terms of the settlement, each Plaintiff is receiving approximately 93% of their lost wages, assuming 9 recoverable minutes per shift. A copy of the Settlement Allocation setting forth the amounts payable to each Plaintiff is attached to the Agreement as Exhibit A.

12.     Plaintiffs' settlement amounts are eminently reasonable because, while the amount of donning time was capped, it was not guaranteed. Trial as to this issue would have centered on determining, as close as the Parties could, how much time was spent donning each and every day and when the first compensable act occurred. Additionally, the parties would have presented evidence related to Defendant's *de minimis* time defense. This would have involved two weeks of competing evidence and testimony, including expert witnesses.

13.     While Plaintiffs' allocated settlement shares do not include alleged liquidated damages, this is a reasonable compromise because liquidated damages were far from assured in this case. Defendant was prepared to bring evidence, much of it already provided, that its system of compensation for donning and doffing was reasonably derived from reliance upon trusted industry experts, legal advice, and actual employee experience. Defendant stood a good chance of proving that it implemented this system in good faith, which would fully compromise Plaintiffs' claim for liquidated damages.

Page 4 of 6
Allan Carson, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:22-cv-113-DPM
**Joint Motion for Approval of Settlement and Dismissal with Prejudice**

14. The FLSA provides for an award of reasonable attorney fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney[] fee to be paid by the defendant, and costs of the action."). The parties have agreed to negotiate an amount of attorney fees and costs after the Court approves the Agreement. If the parties are unable to reach an agreement, Plaintiffs' counsel will submit a petition for fees and costs directly to the Court within 30 days of an entry approving the Settlement Agreement. The parties agree that the Court's Order setting a reasonable amount for attorney fees and costs will be paid by Defendants as a part of the settlement of Plaintiffs' claims in this lawsuit.

15. The Parties jointly submit this request for approval of the Settlement Agreement as requested herein and for dismissal of Plaintiffs' Complaint with prejudice.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court enter an order dismissing with prejudice Plaintiffs' claims for back wages and all other relief in this lawsuit—other than their claim for a reasonable attorney fee and costs—and approving the Settlement Agreement, and for all other relief to which they are entitled.

Respectfully submitted,

**WILLIAM HALLMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste. 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Page 5 of 6
Allan Carson, et al., v. Peco Foods, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:22-cv-113-DPM
Joint Motion for Approval of Settlement and Dismissal with Prejudice

        Sean Short
        Ark. Bar No. 2015079
        sean@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**and**    **DEFENDANT PECO FOODS, INC**

        FRIDAY, ELDREDGE & CLARK, LLP
        400 West Capitol Avenue, Suite 2000
        Little Rock, Arkansas 72201
        Telephone: (501) 370-1526
        Facsimile: (501) 244-5348

        Michael S. Moore
        Ark. Bar No. 82112
        mmoore@fridayfirm.com

        BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
        The Pinnacle Building, Suite 100
        190 East Capitol Street
        Jackson, Mississippi 39201
        Post Office Drawer 119
        Jackson, Mississippi 39205
        Telephone: (601) 948-3101
        Facsimile: (601) 960-6902

        STEPHEN J. CARMODY, AR #2013011
        scarmody@brunini.com

        */s/ Scott F. Singley*
        SCOTT F. SINGLEY, MS #100134
        (Admitted Pro Hac)
        ssingley@brunini.com

        KAREN E. HOWELL, MS #102243
        (Admitted Pro Hac)
        khowell@brunini.com

**Page 6 of 6**
**Allan Carson, et al., v. Peco Foods, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 3:22-cv-113-DPM**
**Joint Motion for Approval of Settlement and Dismissal with Prejudice**