IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| ALLAN CARSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | PLAINTIFFS |
| v.     Case No.: 3:22-CV-113 | |
| PECO FOODS, INC. | DEFENDANT |

## SETTLEMENT AGREEMENT

Subject to Court approval, Plaintiff Allan Carson ("Carson"), individually and on behalf of a collective of others with whom he is allegedly similarly situated (together, "Plaintiffs"), and Defendant Peco Foods, Inc. ("Peco") hereby voluntarily agree to the following settlement of the collective action lawsuit captioned *Carson, et al. v. Peco Foods, Inc.*, No. 3:22-cv-113-DPM (E.D. Ark.).

**WHEREAS**, Carson filed a Collective Action Complaint asserting claims against Peco under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. 11-4-201, *et. seq.*, for the alleged failure to pay overtime compensation to Carson and similarly situated individuals (the "Litigation"); and

**WHEREAS**, the Court granted certification of a FLSA collective action consisting of a group of hourly workers assigned to the Meat Prep Department, the Evisceration Department, and the Box Room at Peco's Pocahontas Plant on or after 5 May 2019. 30 individuals returned and filed opt-in consent forms with the Court, for a total of 31 Plaintiffs.

**WHEREAS**, Peco denies all of the allegations made by Plaintiffs in the Litigation and denies that it is liable or owes damages with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages, Peco has agreed to settle the Litigation on the terms and conditions set forth in this Agreement; and

**WHEREAS**, after the close of opt-in period and exchanging written

discovery, the parties engaged in extensive arms-length negotiations resulting in this Agreement;

**WHEREAS**, Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Peco in the Litigation, conducted interviews with Plaintiffs, Opt-In Plaintiffs, obtained and reviewed voluminous documents relating to the compensation policies and practices donning and doffing at the Pocahontas Plant, analyzed payroll data, and participated in written discovery, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, Plaintiffs' Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Plaintiffs; and

**WHEREAS**, Peco analyzed and evaluated the merits of the claims made against it in the Litigation, along with Peco's defenses to these claims, and while denying all liability, recognized the uncertainty, risk, and expense associated with continued litigation, and determined that it is in Peco's best interest to resolve this matter on the terms described herein.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties, subject to the approval of the Court, agree to a settlement of Plaintiffs' claims on the following terms and conditions:

1. Peco shall pay to Plaintiffs the sum of $15,000.00 ("the Settlement Sum"). The individual payments to Plaintiffs are outlined in Exhibit A to this Settlement Agreement. For distribution to Plaintiffs, Peco will send to Plaintiffs' Counsel all checks payable under this Settlement Agreement. The checks will not be individually sealed. Peco has agreed to pay the individual sums listed in Exhibit A solely based on the recommendations of Plaintiffs and Plaintiffs' Counsel because it has no opinion or recommendations as to the division of the Settlement Sum.

2. Carson will be paid a service award from the Settlement Sum of $1,000.00. Peco will pay this amount in the form of a check made payable to Carson, with no tax withholdings taken from it, and will issue Carson an IRS Form 1099 for this amount.

3. "Settlement Fund" refers to the payment Peco is responsible for making to Plaintiffs, other than the service award to be paid to Carson. Peco will

Doc ID: d983a012e1c82befb479c8c6952230d57e1a400c

pay the amounts of the Settlement Fund in the form of regular payroll payments, subject to standard taxes, withholdings, and deductions.

4. Peco will deliver the settlement payments to Plaintiffs' Counsel within 14 days after Court approval of the settlement.

5. Plaintiffs shall have 90 days from the date of payment to negotiate settlement checks. If a Plaintiff's check is lost or destroyed, or otherwise unusable, the payee may notify Peco, through counsel, within 90 days of the date of payment and Peco will, upon verification that the original check has not been negotiated, issue a replacement. The payee shall have 90 days from the date of issuance to negotiate the replacement check. Any checks that remain uncashed after the aforementioned deadline shall revert to Peco.

6. Following the Court's approval of the parties' settlement, the parties will engage in good faith negotiations with regard to Plaintiffs' claims for attorney's fees and costs. If the parties are unable to reach an agreement on attorney's fees and costs, Plaintiffs will submit a contested motion to the Court to determine the amount of reasonable fees and costs approved by the Court.

7. Within seven (7) days of complete execution of this Settlement Agreement, or such later date ordered by the Court, the parties will jointly submit to the Court a motion requesting approval of the parties' settlement under this Settlement Agreement and dismissal of Plaintiffs' claims against Peco with prejudice. Plaintiffs' Counsel is primarily responsible for drafting this motion.

8. Each Plaintiff and Opt-in Plaintiff, on behalf of himself or herself, and his or her heirs, estates, executors, administrators, assigns, transferees, and representatives, fully and finally releases and forever discharges Peco and its shareholders, corporate parents, corporate siblings, subsidiaries, predecessors, and otherwise related entities, including any of its, or their, affiliates, members, officers, directors, employees, representatives, successors, or assigns ("the Releasees") from any and all claims, causes of action, demands, debts, obligations, damages, costs, expenses, or liability for any claims he or she made, or could have made, against Peco, arising from or related to Peco's alleged failure to pay wages for all time worked, including overtime wages. The failure of any Plaintiff or Opt-in Plaintiff to negotiate his or her settlement check shall not affect, nor diminish, the enforceability of the release described in this Paragraph.

Specifically excluded from this Release are Plaintiffs' claims for

attorney's fees and costs, which as discussed *supra*, will be negotiated separately or addressed by the Court upon a motion filed by Plaintiffs after approval of this Settlement Agreement.

9. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. Both will use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary or ordered by the Court, to effectuate this Settlement Agreement and the terms set forth herein.

10. If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of the Settlement Agreement, or if the Approval Order is reversed or vacated by an appellate Court, then this Settlement Agreement shall become null and void, unless the Parties agree in writing to modify this Settlement Agreement and the Court approves the modified Settlement Agreement.

11. The parties understand, and acknowledge, this Settlement Agreement is the result of a compromise, and shall not be construed as an admission of liability, responsibility, or wrongdoing by Releasees. Releasees expressly deny any liability, responsibility, or wrongdoing as alleged in the Action, or otherwise.

12. The parties acknowledge and agree, before entering into this Settlement Agreement, they had sufficient time to consider this Settlement Agreement and consult with legal counsel of their choosing about its meaning. When entering into this Settlement Agreement, the parties did not rely on any representations or warranties made by the parties, other than the representations and warranties expressly set forth in this Settlement Agreement.

13. Nothing in this Settlement Agreement is intended to limit the Court's authority to retain continuing, and exclusive, jurisdiction over the parties to this Settlement Agreement, including all Plaintiffs, for the purpose of enforcing this Settlement Agreement.

14. The enforcement of this Settlement Agreement shall be governed by, and interpreted under, the laws of the State of Arkansas, without regard to Arkansas' choice of law provisions.

Doc ID: d983a012e1c82befb479c8c6952230d57e1a400c

15. No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before, or after, this Court's approval of this Settlement Agreement, shall be valid or binding unless approved by the Court, and made in writing, signed by, or on behalf of, all of the parties (or their duly authorized representatives) and then only to the extent set forth in such written waiver, modification, or amendment.

16. The Settlement Agreement constitutes the entire agreement between the parties about the subjects included in this Settlement Agreement.

17. This Settlement Agreement shall become effective upon its approval by the Court. The parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the parties had signed the same instrument.

18. The signatories to this Settlement Agreement represent that each is fully authorized to enter into this Settlement Agreement on behalf of themselves or their respective principals. Specifically, Carson represents that he is authorized to execute this Settlement Agreement on behalf of himself and all Opt-in Plaintiffs.

Doc ID: d983a012e1c82befb479c8c6952230d57e1a400c

**FOR PLAINTIFF AND THE COLLECTIVE**

_____   Dated: __12 / 13 / 2023__
Allan Carson

Doc ID: d983a012e1c82befb479c8c6952230d57e1a400c

**FOR PECO FOODS, INC.**

_____  Dated: _____
By:
Title:

Doc ID: d983a012e1c82befb479c8c6952230d57e1a400c

Exhibit A - Settlement Allocation

| Last Name | First Name | Damages Share | Service Award | Total |
|---|---|---|---|---|
| Adway | Mario D | $100.00 | | $100.00 |
| Armstrong | Dan | $100.00 | | $100.00 |
| Baltz | Benjamin J | $1,993.30 | | $1,993.30 |
| Beltran-Manning | Karla J | $389.65 | | $389.65 |
| Blackman | Alexander | $858.10 | | $858.10 |
| Carson | Allan | $862.92 | $1,000.00 | $1,862.92 |
| Cogburn | Melanie | $1,910.81 | | $1,910.81 |
| Ferretta | Kimberly R | $452.94 | | $452.94 |
| Feyjes | Kristi M | $100.00 | | $100.00 |
| Ford | Jessica | $100.00 | | $100.00 |
| Hargrave | Crystal N | $725.17 | | $725.17 |
| Hufstedler | Chance | $1,129.49 | | $1,129.49 |
| Jackson | Daniel | $100.00 | | $100.00 |
| Jenkins | Tina L | $102.97 | | $102.97 |
| Junkersfeld | Misty D | $100.00 | | $100.00 |
| Lemmons | Chris A | $463.71 | | $463.71 |
| Lingle Jr | Andrew W | $171.56 | | $171.56 |
| Lyles | Dustin | $100.00 | | $100.00 |
| McGinty | Jeffery A | $1,278.70 | | $1,278.70 |
| McLaughlin | Mary A | $1,363.35 | | $1,363.35 |
| McQueen | Katlyn | $100.00 | | $100.00 |
| Neal | Mario | $100.00 | | $100.00 |
| Roedell | Wendy | $147.06 | | $147.06 |
| Sheets | Reginald A | $336.41 | | $336.41 |
| Stark | Maria | $199.96 | | $199.96 |
| Tucker | Robert | $100.00 | | $100.00 |
| Villados | Stacy M | $213.90 | | $213.90 |
| Ward | Dana M | $100.00 | | $100.00 |
| Watts | Bobbie J | $100.00 | | $100.00 |
| Willis | Danishio L | $100.00 | | $100.00 |
| Winchester | Kenneth | $100.00 | | $100.00 |
| | | | | **$15,000.00** |